IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT O'ROURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-1795 |
| | ) |
| DAVID KING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT STEVEN BURLE

Defendant Steven Burle states for his Answer to the Complaint of Plaintiff Scott O'Rourke ("Plaintiff") as follows:

1. Defendant Steven Burle ("Defendant") admits that Plaintiff was arrested and interrogated on the night of May 24, 2012 and denies the remaining allegations contained in paragraph 1.

2. Defendant admits that Plaintiff has filed a civil action pursuant to 42 U.S.C. § 1983 and denies the remaining allegations contained in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 4 and, therefore, such averments are denied.

5. Defendant admits that he has been a police officer with the St. Louis Metropolitan Police Department and states that the remaining averments of paragraph 5 allege not facts but legal conclusions and, therefore, are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 6 and, therefore, such averments are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 7 and, therefore, such averments are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 8 and, therefore, such averments are denied.

9. Defendant denies that he engaged in any of the misconduct alleged against him, either under color of any laws, statutes, ordinances, regulations, policies, customs, authority and/or usages or otherwise.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 10 and, therefore, such averments are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 11 and, therefore, such averments are denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 12 and, therefore, such averments are denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 13 and, therefore, such averments are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 14 and, therefore, such averments are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 15 and, therefore, such averments are denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 16 and, therefore, such averments are denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 17 and, therefore, such averments are denied.

18. Defendant states that the averments of paragraph 18 allege not facts but legal conclusions and, therefore, are denied.

19. Defendant states that the averments of paragraph 19 allege not facts but legal conclusions and, therefore, are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 20 and, therefore, such averments are denied.

21. Defendant states that the averments of paragraph 21 allege not facts but legal conclusions and, therefore, are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 22 and, therefore, such averments are denied.

23. Defendant admits the averments of paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 24 and, therefore, such averments are denied.

25. Defendant admits that Plaintiff was identified as a protester responsible for the vandalism and assaulting a citizen and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments alleged in paragraph 25 and, therefore, such averments are denied.

26. Defendant admits that Plaintiff ran away from police and states that he is without knowledge or information sufficient to form a belief as to

4

the truth of the remaining averments alleged in paragraph 26 and, therefore, such averments are denied.

27. Defendant admits that when Officer Zelmanow sought to place Plaintiff under arrest, Plaintiff ran from him and, therefore, had to be pursued, and Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments alleged in paragraph 27 and, therefore, such averments are denied.

28. Defendant denies the averments of paragraph 28.

29. Defendant admits that Plaintiff struggled against police and was administered a burst of pepper spray during his arrest and then was taken to the St. Louis police station for booking, and Defendant denies the remaining averments contained in paragraph 29.

30. Defendant denies the averments contained in paragraph 30.

31. Defendant admits the averments contained in paragraph 31.

32. Defendant denies the averments contained in paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 33 and, therefore, such averments are denied.

34. Defendant admits that Plaintiff was interrogated following his arrest and denies the remaining averments contained in paragraph 34.

35. Defendant admits the averments contained in paragraph 35.

5

36. Defendant admits the averments contained in paragraph 36.

37. Defendant denies the averments contained in paragraph 37.

38. Defendant denies the averments contained in paragraph 38.

39. Defendant denies the averments contained in paragraph 39.

40. Defendant admits that Plaintiff was interrogated following his arrest and denies the remaining averments contained in paragraph 40.

41. Defendant denies the averments contained in paragraph 41.

42. Defendant denies the averments contained in paragraph 42.

43. Defendant admits that Plaintiff was held in custody following his arrest and denies the remaining averments contained in paragraph 43.

44. Defendant admits the averments contained in paragraph 44.

45. Defendant admits that Plaintiff was placed in a holding cell and denies the remaining averments contained in paragraph 45.

46. Defendant admits that Plaintiff was released upon posting the required amount of bail and states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 46 and, therefore, such averments are denied.

47. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 47 and, therefore, such averments are denied.

48. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 48 and, therefore, such averments are denied.

49. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 48 and, therefore, such averments are denied.

50. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 50 and, therefore, such averments are denied.

51. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 51 and, therefore, such averments are denied.

52. Defendant denies the averments contained in paragraph 52.

53. Defendant denies the averments contained in paragraph 53.

54. Defendant denies the averments contained in paragraph 54.

55. Defendant denies the averments contained in paragraph 55.

56. Defendant denies the averments contained in paragraph 56.

57. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 57 and, therefore, such averments are denied.

58. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 58 and, therefore, such averments are denied.

59. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 59 and, therefore, such averments are denied.

60. Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments alleged in paragraph 60 and, therefore, such averments are denied.

61. Defendant states that the averments of paragraph 61 fail to set forth any facts pertinent to the claims alleged against him in this case and, therefore, moves to strike such averments. To the extent that such averments are not stricken from the Complaint, such averments are denied.

62. Defendant states that the averments of paragraph 62 and of each of its subparts fail to set forth any facts pertinent to the claims alleged against him in this case and, therefore, moves to strike such averments. To the extent that such averments are not stricken from the Complaint, such averments are denied.

63. Defendant states that the averments of paragraph 63 fail to set forth any facts pertinent to the claims alleged against him in this case and, therefore, moves to strike such averments. To the extent that such

averments are not stricken from the Complaint, Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of such averments and, therefore, such averments are denied.

64. Defendant admits that Officer King and Officer Burle have remained employed with the St. Louis Metropolitan Police Department and denies the remaining averments of paragraph 64.

65. Defendant states that the averments of paragraph 65 and of each of its subparts fail to set forth any facts pertinent to the claims alleged against him in this case and, therefore, moves to strike such averments. To the extent that such averments are not stricken from the Complaint, such averments are denied.

66. Defendant denies the averments contained in paragraph 66.

67. Defendant denies the averments contained in paragraph 67.

68. Defendant admits that the force used to restrain Plaintiff during his arrest and interrogation was reasonable and necessary and denies the remaining averments contained in paragraph 68.

69. Defendant denies the averments contained in paragraph 69.

70. Defendant denies the averments contained in paragraph 70.

71. Defendant denies the averments contained in paragraph 71.

72. Defendant denies the averments contained in paragraph 72.

73. Defendant denies the averments contained in paragraph 73.

74. Defendant denies the averments contained in paragraph 74.

## ANSWER TO COUNT I

75. – 80. Officer Burle makes no response to the allegations of Count I of Plaintiff's Complaint for the reason that said allegations are directed against Officer David King and not against Officer Burle. To the extent any of the allegations under Count I are directed against Officer Burle, they are denied.

## ANSWER TO COUNT II

81. For his answer to paragraph 81 of Plaintiff's Complaint, Defendant incorporates by reference his responses set forth in each of the above paragraphs.

82. Defendant admits that he was present at times during the interrogation of Plaintiff, and Defendant denies the remaining averments of paragraph 82.

83. Defendant denies the averments of paragraph 83.

84. Defendant denies the averments of paragraph 84.

85. Defendant denies the averments of paragraph 85.

86. Defendant denies the averments of paragraph 86.

87. Defendant denies the averments of paragraph 87.

88. Defendant states that the averments of paragraph 88 set forth a legal conclusion to which no response is required. To the extent any response may be required to such averments, they are denied.

89. Defendant denies the averments of paragraph 89.

90. Defendant states that the averments of paragraph 90 set forth a legal conclusion to which no response is required. To the extent any response may be required to such averments, they are denied.

WHEREFORE, having answered the claim against him under Count II of Plaintiff's Complaint, Officer Steven Burle requests that the Court dismiss said claim as to Officer Burle with prejudice, that the Court assess costs against Plaintiff, and that the Court grant such other relief as the Court deems just and proper. King, they are denied.

## ANSWER TO COUNT III

91. – 96. Officer Burle makes no response to the allegations of Count III of Plaintiff's Complaint for the reason that said allegations are directed against Officer Zelmanow and not against Officer Burle. To the extent any of the allegations under Count III are directed against Officer Burle, they are denied.

## ANSWER TO COUNT IV

97. – 106. Officer Burle makes no response to the allegations of Count IV of Plaintiff's Complaint for the reason that said allegations are directed against Officer Zelmanow and not against Officer King. To the extent any of the allegations under Count IV are directed against Officer King, they are denied.

## ANSWER TO COUNT V

107. For his answer to paragraph 107 of Plaintiff's Complaint, Defendant incorporates by reference his responses set forth in each of the above paragraphs.

108. Defendant admits that he filed certain criminal charges against Plaintiff and denies the remaining averments contained in paragraph 108.

109. Defendant denies the averments contained in paragraph 109.

110. Defendant denies the averments contained in paragraph 110.

111. Defendant denies the averments contained in paragraph 111.

112. Defendant admits that Plaintiff was acquitted of the criminal charges against him and denies the remaining averments of paragraph 112.

113. Defendant denies the averments contained in paragraph 113.

114. Defendant states that the averments of paragraph 114 set forth a legal conclusion to which no response is required. To the extent any response may be required to such averments, they are denied.

115. Defendant denies the averments contained in paragraph 115.

116. Defendant states that the averments of paragraph 116 set forth a legal conclusion to which no response is required. To the extent any response may be required to such averments, they are denied.

WHEREFORE, having answered the claim under Count V of Plaintiff's Complaint, Officer Steven Burle requests that the Court dismiss said claim as to Officer Burle with prejudice, that the Court assess costs against Plaintiff, and that the Court grant such other relief as the Court deems just and proper.

## ANSWER TO COUNT VI

117. For his answer to paragraph 117 of Plaintiff's Complaint, Defendant incorporates by reference his responses set forth in each of the above paragraphs.

118. Defendant denies the averments contained in paragraph 118 and each of its subparts.

119. Defendant denies the averments contained in paragraph 119.

120. Defendant denies the averments contained in paragraph 120.

121. Defendant denies the averments contained in paragraph 121.

122. Defendant denies the averments contained in paragraph 122.

123. Defendant states that the averments of paragraph 123 set forth a legal conclusion to which no response is required. To the extent any response may be required to such averments, they are denied.

WHEREFORE, having answered the claim under Count VI of Plaintiff's Complaint, Officer David King requests that the Court dismiss said claim as to Officer King with prejudice, that the Court assess costs against Plaintiff, and that the Court grant such other relief as the Court deems just and proper.

## ANSWER TO COUNT VII

124. For his answer to paragraph 124 of Plaintiff's Complaint, Defendant incorporates by reference his responses set forth in each of the above paragraphs.

125. Defendant denies the averments contained in paragraph 125.

126. Defendant denies the averments contained in paragraph 126.

127. Defendant denies the averments contained in paragraph 127.

128. Defendant denies the averments contained in paragraph 128.

129. Defendant denies the averments contained in paragraph 129.

130. Defendant denies the averments contained in paragraph 130.

WHEREFORE, having answered the claim under Count VII of Plaintiff's Complaint, Officer David King requests that the Court dismiss said claim as to Officer King with prejudice, that the Court assess costs

against Plaintiff, and that the Court grant such other relief as the Court deems just and proper.

## ANSWER TO COUNT VIII

131.– 148. Officer Burle makes no response to the allegations of Count VIII of Plaintiff's Complaint for the reason that said allegations are directed against other named defendants and not against Officer Burle. To the extent any of the allegations under Count VIII are directed against Officer Burle, they are denied.

## ADDITIONAL RESPONSES

Defendant denies all allegations in Plaintiffs' Complaint not specifically admitted herein.

Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint.

## JURY TRIAL DEMANDED

In the event that this case is not disposed by way of motions prior to trial, Defendants hereby demand a trial by jury on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff has failed to state a claim against Defendant upon which relief can be granted. Fed. R. Civ.P. 12(b)(6).

*Second Affirmative Defense*

Defendant is protected from liability and suit by the doctrines of qualified immunity and official immunity.

*Third Affirmative Defense*

To the extent that Plaintiff seeks monetary damages against Defendant in his official capacity, such relief is prohibited by the Eleventh Amendment to the United States Constitution.

*Fourth Affirmative Defense*

To the extent that Plaintiff has sued Defendants based upon supervisory positions, *respondeat superior* is not a basis of liability under 42 U.S.C. § 1983.

*Fifth Affirmative Defense*

To the extent that Plaintiff has sued Defendant in his official capacity, Defendant is not a "person" within the meaning of 42 U.S.C. §1983.

*Sixth Affirmative Defense*

Plaintiff's claim for punitive damages against Defendant is barred by the Constitution and statutes of the United States and the State of Missouri.

*Seventh Affirmative Defense*

Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

*Eighth Affirmative Defense*

If Defendant or another party make a settlement with Plaintiff, or if Plaintiff receives anything of value from such party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

*Ninth Affirmative Defense*

Plaintiff failed to mitigate his damages.

*Tenth Affirmative Defense*

If any portion of Plaintiff's alleged damages are divisible, Defendant asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

*Eleventh Affirmative Defense*

Plaintiff's claims are barred for failure to exhaust his administrative remedies.

*Twelfth Affirmative Defense*

Plaintiff has no compensable damages.

*Thirteenth Affirmative Defense*

Defendant is protected from suit by the doctrine of qualified immunity.

17

*Fourteenth Affirmative Defense*

Defendant's actions were reasonable, necessary, in self-defense and justified given Plaintiff's actions. In addition, Plaintiff consented to any actions by Defendant. Further, Defendant acted with probable cause.

*Fifteenth Affirmative Defense*

Defendant incorporates by reference each and every additional affirmative defense which may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend his Answer to include additional affirmative defenses at the time such defenses are discovered.

WHEREFORE, having fully answered Plaintiff's claims against him, Defendant David King requests that the Court dismiss this action with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

**JOSHUA D. HAWLEY**
Attorney General

*/s/Henry F. Luepke*
Henry F. Luepke, #38782MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Telephone: (314) 340-7652
Facsimile: (314) 340-7029
Bud.Luepke@ago.mo.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of January 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

Thomas B. Harvey
Nathaniel Carroll
Edward Hall
ArchCity Defenders, Inc.
1210 Locust Street, 2nd Floor
St. Louis, MO  63103
tharvey@archcitydefenders.org

*Attorneys for Plaintiff*

                                                     */s/Henry F. Luepke*