UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT O'ROURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-01795 AGF |
| | ) | |
| DAVID KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss Count VIII of Plaintiff Scott O'Rourke's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Count VIII is a claim for municipal liability under 42 U.S.C. § 1983 asserted against Defendant Board of Police Commissioners of the City of St. Louis ("Board"), comprised of Defendants Richard Gray, Thomas Irwin, Erwin O. Switzer, Bettye Battle-Turner, and Mayor Francis G. Slay, solely in their official capacities as members of the Board ("Board Members"), and against Defendant Daniel Isom, in his official capacity as the Chief of the St. Louis Metropolitan Police Department ("SLMPD"). For the reasons set forth below, this motion shall be denied.

## BACKGROUND

In the complaint, Plaintiff alleges that when he was engaging in peaceful political protest on May 24, 2012, SLMPD Officers Ari Zelmanow and Does 1-3 unlawfully assaulted him with pepper spray, shoved him to the ground, and arrested him. Plaintiff

then alleges that SLMPD Detective David King threatened, intimidated, and violently attacked him as SLMPD Detective Steven Burle watched. Plaintiff further alleges that King and Burle covered up their actions by fabricating charges against him, of which he was acquitted. In Counts I through VII, Plaintiff seeks monetary damages against Defendants King, Burle, Zelmanow, and Does 1-3, in their individual capacities, pursuant to 42 U.S.C. § 1983.[1]

At issue in this motion is Count VIII, in which Plaintiff seeks monetary damages against Isom and the Board, comprised of the Board Members, pursuant to 42 U.S.C. § 1983 for municipal liability. Plaintiff alleges in Count VIII that the policies, customs, practices, and usages of the SLMPD were set by the Board Members and Isom. According to the complaint, the Board Members were vested with the duty and authority to train, supervise, and discipline the SLMPD officers, and failed to act when they knew or should have known of misconduct, including but not limited to: improperly using force; issuing false charges after using force; and lying about the facts of the incident. Plaintiff alleges that the Board Members delegated the power and authority to control SLMPD officers to Isom, as Chief of the SLMPD, and that Isom, too, failed to properly train, control, or discipline officers for misconduct. As a result, Plaintiff alleges that the Board Members and Isom, directly or indirectly, under the color of law, approved the SLMPD policy of tolerating "constitutionally violative conduct."

---

[1] Defendants King, Burle, and Zelmanow have answered the claims against them and have not joined this motion to dismiss Count VIII.

Plaintiff further alleges that both the Board Members and Isom had actual knowledge of Defendants King's and Burle's history of utilizing excessive force, failing to intervene, and/or filing false charges against persons they injured or persons whose right they violated. Therefore, Plaintiff alleges that the Board Members and Isom knew that Defendants King and Burle posed an "objectively substantial risk" to others, including Plaintiff, but nevertheless, failed to instruct, supervise, and/or discipline Defendants King and Burle.

According to Plaintiff, as a direct and proximate cause of the policies, customs, practices, and/or usages of the Board Members and Isom, Plaintiff suffered injuries and damages, including: being detained in custody, suffering pain from being pepper sprayed, suffering from a broken nose and black eye, and losing money due to incurring legal expenses to defend false charges.

## ARGUMENTS OF THE PARTIES

Isom, the Board Members, and the Board ("Defendants") move to dismiss Count VIII of Plaintiff's complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants first argue that the Board is not amenable to suit because it is not a suable entity under Missouri law. Second, Defendants contend that state officials, such as the individual Board Members, cannot be sued for damages in their official capacity under § 1983. Lastly, Defendants argue the Board cannot be held liable under § 1983 on a theory of respondent superior.

Plaintiff responds that this Court should deny Defendants' motion to dismiss against Isom because Defendants fail to assert any arguments supporting dismissal with

regard to Isom, who is admittedly not a member of the Board, and because Plaintiff properly sues Isom in his official capacity as the Chief of the SLMPD. Plaintiff also clarifies that he did not intend to assert any claims against the Board as an entity but only against "the individual Board Members" in their official capacities. Plaintiff further argues that under well-established federal precedent, the Board Members are not state officials within the meaning of the Eleventh Amendment and are therefore subject to suit for damages under § 1983. Finally, Plaintiff responds that he does not allege respondent superior liability, but instead alleges that the Board's unconstitutional policies and customs were the direct and proximate cause of Plaintiff's injuries, which gives rise to the Board Members' § 1983 liability under *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978).

In reply, Defendants argue that "to the extent" the Board itself has been named as a defendant, it should be dismissed. Defendants further argue that the Board Members are state officials because Missouri statutes and case law characterize the Board as an agency of the state of Missouri, not the city of St. Louis. Defendants contend that Plaintiff's argument and reliance on federal case law is misplaced because it contradicts a decision of the Missouri Supreme Court. Finally, Defendants drop their respondent superior argument in light of Plaintiff's acknowledgement that his municipal liability claim is not based on that doctrine.

## DISCUSSION

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Section 1983 is a remedial statute that creates "no substantive rights," but rather "is merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987). Section 1983 provides that "[e]very person, who under color of any statute, ordinance, regulation, custom or usage, of a State or Territory or the District of Columbia" causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws" is liable to the party injured. 42 U.S.C. § 1983.

It is well established that § 1983 official capacity suits, like Count VIII, "do not seek to impose liability on the defendant personally, but instead seek to hold liable the entity of which the officer is an agent." *Johnson v. Bd. of Police Comm'rs*, 370 F. Supp. 2d 892, 897-98 (E.D. Mo. 2005) (denying St. Louis Police Captain's motion to dismiss § 1983 claim against her in her official capacity). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 898.

Sovereign immunity, recognized in the Eleventh Amendment, bars actions for damages against states, arms of the State, and state officers in their official capacities. *Alden v. Maine*, 527 U.S. 706, 756 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The determination of whether an agency is "an arm of the State . . . is a question of federal law," but "in answering that federal question . . . courts must consider the provisions of state law that define the agency's character." *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal citations omitted).

"While Eleventh Amendment immunity extends to states and arms of the state, it does not extend to local governments." *Id.* (citations omitted). The United States Supreme Court unequivocally held that the St. Louis Board of Police Commissioners "does not share the immunity of the State of Missouri." *Auer v. Robbins*, 519 U.S. 452, 456 n.1 (1997) ("It is therefore not an 'arm of the State' for Eleventh Amendment purposes.").

The Eighth Circuit in *Thomas* acknowledged that although "[r]ecent developments in Missouri law," including *Smith v. State*, 152 S.W.3d 275 (Mo. 2005),[2] upon which Defendants rely, "appear to have eroded the Eleventh Amendment analyses in *Auer*," only the United States Supreme Court has the "prerogative" to overrule its own precedent. *Thomas*, 447 F.3d at 1086-87 (internal citations omitted). As a result, the

---

[2] The Missouri Supreme Court in *Smith v. State* held that the St. Louis Board of Police Commissioners was an agency of the state for purposes of coverage under the State Legal Expense Fund. 152 S.W.3d 275, 278 (Mo. 2005).

Eighth Circuit found *Auer* controlling and held that the St. Louis Board of Police Commissioners was not an arm of the state, and therefore not immune to a § 1983 action. *Id.* at 1087.

In this case, the Court is bound by *Auer* and *Thomas*, which have not been overruled. This Court joins numerous decisions in this District by finding that the St. Louis Board of Police Commissioners is not "an arm of the state," and thus not protected by Eleventh Amendment immunity in § 1983 actions. *See, e.g., Taylor ex rel. Taylor v. Isom*, 4:11-CV-1351 CAS, 2013 WL 1867106 (E.D. Mo. May 2, 2013); *Miller v. Albright*, 4:07-CV-1086 CAS, 2008 WL 2224794 (E.D. Mo. May 27, 2008); *Moore v. Weber*, 4:07-CV-620 DJS, 2007 WL 4565027 (E.D. Mo. Dec. 20, 2007); *Johnson v. Rollins*, 4:04-CV-967-SNL, 2006 WL 2546807 (E.D. Mo. Aug. 31, 2006). Therefore, this Court will deny Defendants' motion to dismiss as to Plaintiff's claims against the Board Members and Isom.[3]

However, the Court will dismiss any claim against the Board as an entity "to the extent" the complaint could be read to include such a claim, as Plaintiff states that he did not intend to sue the Board as an entity.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint is **DENIED**. ECF No. 7.

---

[3] Defendants failed to assert any arguments or case law supporting the dismissal of Count VIII as to Isom.

**IT IS FURTHER ORDERED** that the Board of Police Commissioners of the City of St. Louis shall be dismissed to the extent it is named as a separate defendant.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March 2017.