UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SCOTT O'ROURKE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:16-CV-01795-AGF |
| DAVID KING, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action under 42 U.S.C. § 1983 arises out of Plaintiff's May 24, 2012 arrest following his participation in a political protest, and his subsequent criminal prosecution, trial in the 22nd Circuit Court for the State of Missouri, and acquittal. The matter is now before the Court on Plaintiff's Motion for Order to Release Trial Transcript (ECF No. 32), in which Plaintiff requests that this Court order the 22nd Circuit Court to prepare and release a transcript of Plaintiff's criminal trial, and that this Court also order the state of Missouri to pay any fees associated with preparing the transcript.

Defendants are the officers of the St. Louis Metropolitan Police Department allegedly involved in the incident, in their individual capacities, as well as the Chief of Police and the members of Board of Police Commissioners of the City of St. Louis, in their official capacities. In response to Plaintiff's motion, Defendants argue that they do not object to any "release" of the trial transcript by the state court, but that this Court

1

lacks jurisdiction to enter an order compelling the state to pay the costs of such transcript.

Upon careful review of the parties' briefs and the legal authorities cited therein, the Court will deny Plaintiff's motion. As Plaintiff notes, Mo. Rev. Stat. § 610.105 states, in relevant part, that "[i]f the person arrested is charged but . . . the accused is found not guilty . . . , official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in . . . section 610.120[.]" Section 610.120, in turn, provides that "records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons *other than the defendant*" and certain other enumerated agencies and persons. Mo. Rev. Stat. § 610.120 (emphasis added). Nothing in this statute suggests that Plaintiff could not request and obtain records from his criminal case from the state court, and Plaintiff has not demonstrated that an order from this Court in this respect is necessary or appropriate.

Moreover, the Court is not convinced that it has authority, in the context of this case, to order the state to pay for transcripts of Plaintiff's criminal proceedings. The state is not a party to these proceedings, and the statute on which Plaintiff relies, Mo. Rev. Stat. § 488.2250,[1] does not appear to apply here. This statute is contained within a

---

[1] Section 488.2250.3 provides: "Any judge, in his or her discretion, may order a transcript of all or any part of the evidence or oral proceedings and the court reporter shall receive the sum of two dollars and sixty cents per legal page for the preparation of a paper and an electronic version of the transcript." Mo. Rev. Stat. § 488.2250.3. Section

2

section of the statutory code dealing with the state courts, and there is nothing in the provision to suggest that it authorizes a federal court to order the state to pay for a transcript for use in a federal § 1983 case. Nor has Plaintiff cited, or the Court found, any caselaw interpreting the statute in such a manner.

Accordingly, based on the record before the Court,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order to Release Trial Transcript is **DENIED**. ECF No. 32.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2017.

---

488.2250.5 provides: "Notwithstanding any law to the contrary, the payment of court reporter's fees provided in subsections 2 and 3 of this section shall be made by the state upon a voucher approved by the court." Mo. Rev. Stat. § 488.2250.5.