UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT O'ROURKE,             )
                                    )
          Plaintiff,         )
                                    )
      vs.                )      Case No. 4:16-CV-01795-AGF
                                    )
DAVID KING, et al.,         )
                                    )
          Defendants.    )

## MEMORANDUM AND  ORDER

This action under 42 U.S.C. § 1983 arises out of the arrest, detention,

prosecution, and acquittal of Plaintiff following his engagement in a political protest on

May 24, 2012.  The matter is now before the Court on Plaintiff's motion (ECF No. 38)

to compel discovery responses from Defendants.  Plaintiff argues that Defendants have

refused to produce all documents in their possession, custody, and control responsive to

discovery requests related to Plaintiff's claims for municipal liability.  Plaintiff also

argues that Defendant Daniel Isom, sued solely in his official capacity as Chief of

Police and represented by the same counsel as the other Defendants, has failed to

respond at all to Plaintiff's first set of interrogatories and first requests for production.[1]

In response, Defendants state that they have fully responded to Plaintiff's

discovery requests.  Defendants do not specifically address the lack of discovery

---

[1]    Defendants' responses to Plaintiff's discovery requests state that they are on
behalf of all named Defendants other than Isom.

responses by Isom, but they argue that by letter to Plaintiff dated November 1, 2017,

they confirmed that they had "no more documents to produce that are relevant to the

claims that [Plaintiff] has against the defendant officers," and they had "no more

relevant records to produce that pertain to the incident alleged in [Plaintiff's]

complaint." ECF No. 43 at 3. Defendants argue that the motion to compel should be

denied because Defendants have responded to the discovery requests and discovery is

now closed.

Upon careful consideration of the discovery requests at issue in Plaintiff's

motion and the parties' arguments, the Court believes that the discovery requests are

relevant to Plaintiff's municipal liability claim and within the scope of discovery

permissible under the Federal Rules of Civil Procedure. Although Defendants assert

that they have fully responded to the discovery requests, Defendants' November 1,

2017, letter does not make clear whether the records produced were limited to records

relating only to the incident involving Plaintiff, or whether the records were also fully

responsive to the requests related to Plaintiff's municipal liability claim based on policy

and custom. Accordingly, the Court will order Defendants to either promptly produce

any outstanding documents in their possession, custody, or control responsive to the

discovery requests at issue in Plaintiff's motion, or if all such documents have been

produced, to produce a letter to Plaintiff certifying that fact.

The Court will otherwise deny Plaintiff's motion. Plaintiff's claim against Isom,

like his claims against the other Defendants named solely in their official capacities, is a

claim against the municipality. *Banks v. Slay*, 875 F.3d 876, 881 (8th Cir. 2017) ("[A]n official-capacity suit is a suit against a government entity in all respects other than name.") (citation omitted). The municipality has adequately responded to Plaintiff's discovery requests except to the extent set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED in part and DENIED in part**, as set forth above. No later than **January 5, 2018**, Defendants shall either produce any outstanding documents in their possession, custody, or control responsive to the discovery requests at issue in Plaintiff's motion, or if all such documents have been produced, produce a letter to Plaintiff certifying that fact.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2017.