UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT O'ROURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-01795-AGF |
| | ) | |
| DAVID KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action under 42 U.S.C. § 1983 arises out of the arrest, detention, prosecution, and acquittal of Plaintiff following his engagement in a political protest on May 24, 2012. The matter is now before the Court on Plaintiff's renewed motion (ECF No. 49) to compel discovery responses from Defendants, and for sanctions against Defendants for failing to comply with the Court's December 22, 2017, Memorandum and Order (ECF No. 48) granting in part Plaintiff's prior motion to compel (ECF No. 38). In that Order, the Court required Defendants to produce, no later than January 5, 2018, any outstanding documents in their possession, custody, or control responsive to the discovery requests at issue in Plaintiff's motion, or if all such documents had been produced, a letter to Plaintiff certifying that fact.

On January 5, 2018, Defendants' counsel sent Plaintiff an email stating that "[f]ollowing up on the Court's Memorandum and Order of December 22, 2017, this shall confirm that our clients do not have additional documents in their possession that

1

are responsive to the discovery requests at issue in Plaintiff's motion to compel." ECF No. 50-2. Nevertheless, on January 10 and 12, 2018, after Plaintiff filed this renewed motion to compel and for sanctions, Defendants produced additional responsive documents, including personnel records for the named Defendants, organizational charts, and "CFS" reports[1] from May 24 through May 25, 2012. In the January 10, 2018, email production to Plaintiff, Defendants' counsel also stated that his clients were "double-checking to see if [they have] any additional records responsive" to the discovery requests. ECF No. 54-1. And in their brief before this Court, Defendants state that they have "searched for, but as of this time ha[ve] been able [*sic*] to locate an audio recording of the police radio dispatch pertaining to the scene of the protests on May 24-25, 2012." ECF No. 52 at 2.

Defendants do not explain what search efforts they have made to "double check" whether their production is complete, or why such search efforts were not made earlier. Nor do they explain why the documents produced on January 10 and 12, were not produced earlier.

In his current motion, Plaintiff seeks an order compelling Defendants to produce any outstanding documents that are responsive to the discovery requests at issue in Plaintiff's original motion to compel (ECF No. 38) and that are accessible in Defendants' computer and records management systems. Plaintiff also seeks sanctions

---

[1] Defendants do not explain what these reports are.

in the form of attorneys' fees and expenses.[2] In response, Defendants argue that they have been forthcoming and cooperative with Plaintiff throughout the discovery process.

A district court may impose sanctions for discovery violations pursuant to Federal Rule of Civil Procedure 37 or pursuant to its "inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process." *Duranseau v. Portfolio Recovery Assocs.*, 644 F. App'x 702, 707 (8th Cir. 2016).

The Court has previously held that the discovery requests at issue in Plaintiff's original motion to compel were relevant to Plaintiff's municipal liability claim and within the scope of discovery permissible under the Federal Rules of Civil Procedure. Although Defendants have at various times asserted that they have fully responded to the discovery requests, their continued and belated production of relevant documents belies these assertions. Defendants have offered no excuse for waiting until after the motion for sanctions was filed to search for additional responsive documents. Discovery closed on December 1, 2017, and the Court ordered Defendants to produce any outstanding responsive documents by January 5, 2018.

Because Defendants did not comply with the Court's Order, and have provided no justification for their non-compliance, the Court finds that sanctions in the form of reasonable attorneys' fees incurred in bringing the current motion are appropriate, and will further grant Plaintiff's motion as set forth below.

---

[2] Plaintiff does not specify whether he seeks the attorneys' fees and expenses incurred in litigating his original motion to compel, this renewed motion to compel, or both.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's renewed motion to compel and for sanctions is **GRANTED in part, as follows**. ECF No. 49.

1. On or before **January 30, 2018**, Defendants shall conduct a diligent search and produce to Plaintiffs any outstanding documents in their possession, custody, and control responsive to the discovery requests at issue in Plaintiff's original motion to compel (ECF No. 38).

2. On or before **January 31, 2018**, Defendants shall produce to Plaintiffs a sworn affidavit identifying and describing the means they employed to search for responsive documents in their possession, custody, and control, including the audio recording of the police radio dispatch referenced above; and stating that they have produced all responsive, non-privileged documents identified in that search.

3. Plaintiff's motion for sanctions is **GRANTED in part**, in the amount of $500.

**IT IS FURTHER ORDERED** that Plaintiff's response to Defendants' motion for summary judgment shall be due no later than **February 21, 2018**, and any reply shall be due no later than **March 7, 2018**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2018.