UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT O'ROURKE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID KING, et al., )<br>)<br>Defendants. ) | Case No. 4:16-CV-01795-AGF |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion (ECF No. 56) to reconsider the Court's January 23, 2018 Memorandum and Order (ECF No. 55), which granted in part Plaintiff's renewed motion to compel and for sanctions. The Court gave careful consideration to the arguments presented by Defendants in response to Plaintiff's motion, and again now for reconsideration.

Upon review of Defendants' motion for reconsideration, the Court continues to believe that the January 23, 2018 Memorandum and Order was warranted in light of Defendants' unexplained delay in their search for and production of the documents at issue in Plaintiff's original motion to compel and ordered to be produced by the Court as relevant to Plaintiff's municipal liability claims, such as personnel documents of the officers involved in the incident giving rise to this lawsuit, and other undisputedly relevant documents, such as the PASS records and additional Special Orders, apparently not produced until January 2018.

1

Moreover, it appears that but for Plaintiff's renewed motion to compel and for sanctions, the audio recording of the police dispatch on the night in question might never have been produced. The Court would have expected Defendants to locate and preserve this recording upon the filing of the lawsuit, pursuant to their preservation obligation. Nevertheless, Defendants stated that they had searched for but could not locate the recording, and repeatedly stated that they had no additional documents to produce. Defendants' motion for reconsideration makes evident that it was only after Plaintiff's motion for sanctions that Defendants made any concerted effort to locate this recording. Once Defendants made a reasonable inquiry, the recording was located.

These efforts should have been undertaken in response to Plaintiff's initial discovery requests, if not before, and should not have required repeated requests in correspondence from Plaintiff, a motion to compel, and a further motion for sanctions. Because a prompt search and production could have avoided further motion practice, the Court could have entered sanctions in a larger dollar amount, but the Court limited the sanction to $500 of the reasonable attorneys' fees incurred in bringing the motion for sanctions.

However, the Court's main concern was and is that all parties receive the discovery to which they are reasonably entitled, proportional to the needs of the case. And inasmuch as Plaintiff has not opposed or otherwise responded to Defendants' motion for reconsideration, the Court will grant reconsideration in part, to the extent that it will vacate the monetary award of attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for reconsideration is **GRANTED in part**, to the extent that the Court's prior award of $500 in attorneys' fees (ECF No. 55) is **VACATED**. ECF No. 56.

                                                                         _____
                                                                         AUDREY G. FLEISSIG
                                                                         UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2018.